# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KEITH HERRERA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON OF NEW JERSEY, INC. d/b/a JOHNSON & JOHNSON; CORDIS, INC., a Florida Corporation and DOES 1 through 25,<br><br>Defendants. | CASE NO. C 07-06457 WHA<br><br>*[State Case No. CGC-07-468628]*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Scheduling Conference: April 3, 2008 |

Pursuant to Civil Local Rule 16-9 and Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order Setting Scheduling Conference, counsel for the parties, KEITH HERRERA, and CORDIS CORPORATION and JOHNSON & JOHNSON, submit the Joint Case Management Statement in preparation for the Scheduling Conference before this Court on April 3, 2008 at 11:00 a.m.

1. **Jurisdiction and Service:**

This Court has jurisdiction over this matter given the complete diversity between the plaintiff and defendants, and the plaintiff's assertion of damages which exceed $75,000. All parties have been properly served, and there are no issues existing regarding personal jurisdiction or venue.

2. **Facts and Legal Issue:**

Plaintiff alleges that he sustained injuries and damages as a result of an allegedly defective Cypher Coronary Stent. Plaintiff is asserting claims for strict products liability and negligence.

Defendants have not yet had the opportunity to confirm the identity of the product at issue in this case. Nonetheless, assuming that a Cypher Coronary Stent is the involved product, Defendants deny that the product is defective in design or manufacture, and further deny that Defendants were negligent in any manner. Defendants further deny that they are liable to plaintiff under any theory of recovery.

Moreover, Defendants assert that the FDA approved the Cypher Coronary Stent as "safe" and "effective" after the most stringent federal review process to which a device can be subjected—the Premarket Approval, or "PMA," process. Pursuant to the Medical Device Amendments ("MDA"), 21 U.S.C. §§ 360c *et seq.*, to the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, prohibit States from imposing "any requirement . . . which is *different from, or in addition to*, any requirement" of federal law. *Id.* § 360k(a) (emphasis added). Plaintiff's claims are preempted, and Defendants are entitled to judgment as a matter of law pursuant to United States Supreme Court decision in *Riegel v. Medtronic, Inc.*, 128 S.Ct. 999 (2008), as well as the multiple California federal district courts and the overwhelming majority of federal Circuits that have addressed this issue. *See, e.g., Clement v. Kaiser Found. Health Plan, Inc.*, No. CV04-704 MJR (MCX), 2004 WL 3049753, at *1 (C.D. Cal. Dec. 17, 2004); *Horn v. Thoratec Corp.*, 376 F.3d 163, 174-77 (3d Cir. 2004); *see also Papike v. Tambrands, Inc.*, 107 F.3d 737, 741-44 (9th Cir. 1997).

3. **Motions:**

There are no prior or pending motions. However, Defendants anticipate filing a Motion for Summary Judgment based upon the legal precedent set forth above on the issue of preemption.

4. **Amendment of Pleadings:**

The parties do not expect any amendments to the pleadings.

5. **Evidence Preservation:**

1  Defendants have not destroyed documents potentially relevant to this
2  litigation following receipt of service of process of this action. Plaintiffs have not
3  destroyed documents potentially relevant to this litigation

4  **6.   Disclosures:**
5  The parties will comply with the initial disclosure requirements of Fed. R.
6  Civ. P. 26(f) prior to the Initial Scheduling Conference.

7  **7.   Discovery and Proposed Discovery Plan:**
8  No discovery has been conducted to date. The parties anticipate written
9  discovery consisting of interrogatories, requests for production of documents,
10 depositions of plaintiff, treating physicians, and agents/employees of defendants
11 with knowledge of the allegedly involved product.
12 Additionally, with respect to expert witnesses, Plaintiff agrees to make
13 expert disclosures according to Federal Rule 26(a)(2). However, Defendant
14 requests a staggered disclosure schedule whereby Plaintiff files an initial
15 disclosure of experts, and Defendant discloses experts thirty (30) days thereafter.
16 Defendant further requests that the timing of expert depositions be staggered as
17 well, with Plaintiff's experts to be deposed before any defense expert is required
18 to be available for deposition. Plaintiff requests that all expert disclosures be made
19 pursuant to Federal Rules and that there not be a staggered disclosure schedule.

20 **8.   Relief**
21 Plaintiff is seeking recovery for medical expense, lost wages, and pain and
22 suffering.

23 **9.   Major Procedural or Evidentiary Problems:**
24 The parties do not anticipate any major procedural or evidentiary problems
25 at this time.

26 **10.  Settlement and ADR:**
27 The parties are agreeable to attending a settlement conference in
28 compliance with Local Rule 16-15.4. The parties recommend that the settlement

conference take place at least forty-five (45) days prior to the final pretrial conference, pursuant to Local Rule 16-15.2.

11. **Scheduling**

The parties request the following schedule:

Designation of Experts by Plaintiff:            January 15, 2009
Designation of Experts by Defendants:           January 30, 2009
Completion of depositions of Plaintiff's Experts:   February 28, 2009
Completion of depositions of Defendants' Experts: March 15, 2009
Final date for hearing on dispositive motions:  April 1, 2009
Pretrial Conference: April 15, 2009;
Trial: May 1, 2009.

12. **Trial:**

The parties request a trial by jury. The parties estimate that the presentation of Plaintiff's case-in-chief will take approximately five (5) to seven (7) court days, and the Defendant's case-in-chief will take approximately seven (7) to ten (10) court days, for a total of twelve (12) days.

13. **Disclosure of Non-Party Interested Entities or Persons**

Defendants have filed a Certificate of Interested Parties that identifies the following entities as having a direct, pecuniary interest in the outcome of this case:

ISO Holding Corporation is the parent company of Cordis Corporation, and is a subsidiary of Ethicon, Inc. Ethicon, Inc. is a subsidiary of Johnson & Johnson.

///
///
///

DATE: March 27, 2008                    YUKEVICH CALFO & CAVANAUGH

                                        By: _____//s//_____
                                        James J. Yukevich
                                        Emily Hicks
                                        Attorneys for Defendants
                                        CORDIS CORPORATION and
                                        JOHNSON & JOHNSON

DATE: March 27, 2008

                                        GLICKER & ASSOCIATES


                                        By: _____//s//_____
                                        Brian I. Glicker
                                        Attorneys for Plaintiff
                                        KEITH HERRERA